UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

IN RE ANTHONY LITTLE and
CHARLOTTE LITTLE,

                                                   Bankr. Case No.
                                                     05-69113

                        Debtors.

_____

CFCU COMMUNITY CREDIT UNION,

                                           Dist. Ct. Civil Action
                    Appellant,             6:06-CV-1148
                                              (LEK)

        -against-

ANTHONY LITTLE, *et al.*,

                        Appellees.

_____

## MEMORANDUM-DECISION AND ORDER

      Appellant CFCU Community Credit Union ("CFCU") filed with this Court a Notice of

Appeal from an Order of the United States Bankruptcy Court for the Northern District of New

York (Gerling, Chief B.J.), entered on August 21, 2006, denying CFCU's motion for an order

limiting the claim of homestead exemption sought by Appellees Anthony and Charlotte Little

("Debtors").  CFCU contends that the Bankruptcy Court incorrectly allowed Debtors to claim an

increased homestead exemption based on an amendment to New York law enacted on August 30,

2005.  The Court has jurisdiction under 28 U.S.C. § 158(a).  For the following reasons, the

August 21, 2006 decision of the Bankruptcy Court is affirmed.

**I.      Background**

Debtors filed a Chapter 7 bankruptcy petition on October 2, 2005 and converted the

petition to a Chapter 13 bankruptcy on March 23, 2006.  CFCU holds secured loans on two

motor vehicles owned by Debtors; the total unsecured debt owed to CFCU at the time Debtors

filed for bankruptcy was $7,161.00.  See Schedule D, Creditors Holding Secured Claims (Dkt.

No. 2, Attach. 3).  In their petition, Debtors claimed a homestead exemption in the amount of

$41,537.00, which represents all the equity in their residence.  Debtors claimed this exemption

under New York Civil Practice Law and Rules Section 5206(a) ("CPLR 5206(a)"), which allows

an individual judgment debtor to exempt from application to the satisfaction of a money

judgment up to $50,000.00 in value, above liens and encumbrances, of his or her principal

residence.  N.Y. C.P.L.R. 5206(a) (Consol. 2007).  New York amended CPLR 5206(a) on

August 30, 2005 to increase the homestead exemption available to debtors from $10,000.00 to

$50,000.00.  In re Little, No. 05-68281, 2006 Bankr. LEXIS 1010, at *2 (Bankr. N.D.N.Y. Apr.

24, 2006).  On June 13, 2006, CFCU moved for an order from the Bankruptcy Court disallowing

Debtors' claimed homestead exemption.  See CFCU Amended Motion (Dkt. No. 2, Attach. 2).

CFCU argued that Debtors could not claim an exemption under the amended CPLR 5206(a), and

instead were limited to the previous $10,000.00 homestead exemption because CFCU's claim

was based on a loan made prior to the amendment's effective date.  Id.  Chief Judge Gerling

denied CFCU's motion on August 21, 2006.  Gerling Order (Dkt. No. 2, Attach. 13).  The instant

appeal followed.

## II.     Standard of Review

In reviewing the rulings of a bankruptcy court, a district court applies the clearly

erroneous standard to a bankruptcy court's conclusions of fact, and reviews conclusions of law

*de novo*.  <u>Yarinsky v. Saratoga Springs Plastic Surgery</u>, 310 B.R. 493, 498 (N.D.N.Y. 2004)

(Hurd, D.J.) (citing to <u>In re Manville Forest Prods. Corp.</u>, 209 F.3d 125, 128 (2d Cir. 2000)); <u>In

re Petition of Bd. of Dirs. of Hopewell Int'l Inst. Ltd.</u>, 275 B.R. 699, 703 (Bankr. S.D.N.Y.

2002); FED. R. BANKR. P. 8013.

## III.     Discussion: Does the Amendment to CPLR 5206(a) Apply Retroactively to Debt Incurred Prior to August 30, 2005?

### A.     Homestead Exemptions in Bankruptcy

After filing a bankruptcy petition, a debtor may, pursuant to Bankruptcy Code § 522(b),

exempt certain property from the property of the bankruptcy estate created by the petition.  11

U.S.C. § 522(b).  As allowed by Code § 522(b)(2), New York has opted out of the federal

exemption scheme and provided its own set of permissible exemptions for debtors domiciled in

the state.  <u>See</u> <u>In re Nudo</u>, 147 B.R. 68, 70 (Bankr. N.D.N.Y. 1992) (Gerling, B.J.).  New York

Debtor and Creditor Law § 282 identifies the homestead exemption in CPLR 5206(a) as a

permissible bankruptcy exemption.  N.Y. DEBT. & CRED. LAW § 282.  CPLR 5206(a) states:

> a) Exemption of homestead.  Property of one of the following types, not exceeding fifty thousand dollars in value above liens and encumbrances, owned and occupied as a principal residence, is exempt from application to the satisfaction of a money judgment, unless the judgment was recovered wholly for the purchase price thereof:
>
>> 1. a lot of land with a dwelling thereon,
>>
>> 2. shares of stock in a cooperative apartment corporation,
>>
>> 3. units of a condominium apartment, or

4. a mobile home.

But no exempt homestead shall be exempt from taxation or from sale for non-payment of taxes or assessments.

CPLR 5206(a).  The August 30, 2005 amendment to CPLR 5206(a), which increased the value of the exemption from $10,000 to $50,000, also provided that the act was to take effect immediately.  2005 N.Y. Laws 623.  However, as Chief Judge Gerling noted in Little, there is no direct mention of the retroactive application of the new exemption amount in the August 30, 2005 amendment.  See id; Little, 2006 Bankr. LEXIS 1010, at *33.

**B.    Is the Amendment to CPLR 5206(a) Remedial, and, Therefore, Applies Retroactively to Debt Incurred Prior to August 30, 2005?**

New York courts generally hold a statute will not be applied retroactively without a clear expression of legislative intent.  Majewski v. Broadalbin-Perth Cent. Sch. Dist., 91 N.Y.2d 577, 589 (1998); Jacobus v. Colgate, 217 N.Y. 235, 240 (1916) (Cardozo, J.).  However, while statutes that create a new right of action are presumed to be applied prospectively only, statutes that are remedial in nature may be applied retrospectively.  See Duell v. Condon, 84 N.Y.2d 773, 783 (1997); N.Y. STAT. LAW § 54.  Nevertheless, with respect to these canons of construction, the New York Court of Appeals has stated that "[t]hough these maxims of statutory construction provide helpful guideposts, the reach of the statute ultimately becomes a matter of judgment made upon review of the legislative goal."  Duell, 84 N.Y.2d at 783  (citation omitted).  Therefore, the August 30, 2005 amendment may be applied retroactively even though it does not include language that explicitly mandates the retroactive application of the increased exemption.

The issue before the Court is whether CPLR 5206(a) is a remedial statute under New York law that does not create a new cause of action.  A statute is remedial in nature when it is

4

designed to correct what has been deemed to be an imperfection in the prior law.  In re Hayward,

343 B.R. 41, 45 (Bankr. W.D.N.Y. 2006) (citing Cady v. Broome County, 451 N.Y.S.2d 206

(App. Div., 3d Dep't 1982)).  It is necessary to examine the legislation history and goals to

determine if  CPLR 5206(a) is designed to correct an imperfection in the law.  The Hayward

court noted that the sponsoring memorandum that accompanied the August 30, 2005 amendment

stated that the $10,000 exemption was enacted in 1977, had not been updated, and was so low as

to be "tantamount to having no exemption at all."  Hayward, 343 B.R. at 45 (quoting N.Y. Spons.

Memo., 2005 S.B. S4582).  As a result, the sponsors of the amendment thought that it was

"prudent to periodically review and update" the specific dollar amount listed in the homestead

exemption.  Id.  Like the Hayward court, this Court agrees that the amendment to CPLR 5206(a)

meets the standard for a remedial statute: the New York State Legislature identified an

imperfection in the existing value of the homestead exemption, namely that the failure to increase

the value of the exemption had rendered it nearly valueless; and the Legislature remedied this

shortcoming by increasing the value.

In addition, the language used in the August 30, 2005 amendment also indicates that the

Legislature intended the amendments to be remedial.  Previous courts have found that when the

Legislature directs that an amendment take effect immediately, it has clearly indicated that the

amendment is to be viewed as remedial.  Asman v. Ambach, 64 N.Y.2d 989, 991 (1985) (citing

Cady, 451 N.Y.S.2d at 207; Coffman v. Coffman, 400 N.Y.S.2d 833, 837 (App. Div. 2d Dep't

1977)).  In the instant matter, Section 2 of the amendment provided that the act was to take effect

immediately, 2005 N.Y. Laws 623, which indicates that the Legislature was not creating a new

right, but rectifying an existing law so that the benefits of the exemption could be effectively

exercised by all debtors in bankruptcy.  See id.  In contrast to the Legislature's directive in the August 30, 2005 amendment, the 1977 legislation that previously increased the value of the exemption directed that the act "take effect ninety days after it shall have become a law, but shall not affect the application of property to the satisfaction of a money judgment for a debt contracted before it takes effect."  N.Y. C.P.L.R. 5206(a) Notes (Consol. 2007).  The Legislature's postponement of the 1977 statute's effective date, unlike the 2005 amendment, "furnishes clear indicia of [legislative] intent that the statute was to have prospective effect only."  See Cady, 451 N.Y.S.2d at 207.

The language found in the 1977 legislation indicates that the Legislature can and has previously limited the retroactive application of CPLR 5206(a).  The 2005 amendment does not have this language and, instead, directs that the amendment be immediately effective, which is language that has been interpreted to mean that the statute is remedial in nature.  The Court accepts that the Legislature had knowledge of the judicial  interpretations of the legislative language and made a deliberate choice with respect to the amendment's effective date and its application to existing contracts.  See Orinoco Realty Co. v. Bandler, 233 N.Y. 24, 30 (1922) ("[T]he legislature is to be charged with knowledge of certain legal principles in framing the statute in question. . . . When the legislature amends or considers afresh a statute it will be assumed to have knowledge of judicial decisions interpreting the statute as then existing. . .").  As a result of the amendment's language and the underlying remedial legislative concerns, the amendments to the homestead exemption are remedial and should be applied retroactively.

CFCU relies primarily on Addiss v. Selig, 264 N.Y. 274 (1934), to argue that the retroactive application of the 2005 amendment impairs its vested rights by altering the exemption

scheme under which Debtors financed their car purchases; CFCU asserts that only a clear expression of legislative intent can alter such pre-existing rights.  However, as discussed above, the Court finds that the Legislature's direction regarding the 2005 amendment's effective date and the accompanying legislative history clearly indicates that the amendment was intended to be remedial and applied retroactively.  Consequently, the 2005 amendment sufficiently satisfies the admonition found in Addiss that the Legislature be clear when it amends existing rights.

**C.  Though Remedial, Does the 2005 Amendment Impair Contractual Rights in Violation of the Constitution's Contract Clause ?**

Legislation that interferes with existing contractual relations may violate the United States Constitution's Contract Clause; however, the clause has not been interpreted to prohibit absolutely the impairment of private or government contracts.  Sal Tinnerello & Sons, Inc. v. Town of Stonington, 141 F.3d 46, 52 (2d Cir. 1998) (citations omitted).  The Second Circuit requires courts to consider three factors when determining if legislation violates the Contract Clause: "(1) whether the contractual impairment is in fact substantial; if so (2) whether the law serves a significant public purpose such as remedying a general social or economic problem; and, if such a public purpose is demonstrated, (3) whether the means chosen to accomplish this purpose are reasonable and appropriate."  Id. (internal quotation omitted).

The Court agrees with Chief Judge Gerling's reasoning in Little and finds that the application of the amended homestead exemption in this case does not substantially impair CFCU's contractual rights.  See Little, 2006 Bankr. LEXIS, at *42-*44.  Substantial impairment of a contract depends on "the extent to which reasonable expectations under the contract have been disrupted."  Id. at 53 (citing Sanitation & Recycling Indus. v. City of New York, 107 F.3d

7

985, 993 (2d Cir. 1997) ("Impairment is greatest where the challenged government legislation was wholly unexpected.  When an industry is heavily regulated, regulation of contracts may be foreseeable.")).  Moreover, a plaintiff is unlikely to prevail on a claim that a contract has been substantially impaired when it can anticipate, expect or foresee the governmental action at the time of contract execution.  Id. (citing Veix v. Sixth Ward Bldg. & Loan Ass'n, 310 U.S. 32 (1940)).  In the case before the Court, New York State has opted out of the federal exemption scheme and regulated homestead exemptions since 1962, and it has amended it several times, including to increase the value of the exemption.  See N.Y. C.P.L.R. 5206 Notes (McKinney 2007).  Moreover, as CFCU notes in its brief, the Legislature began to consider whether to increase the value of the exemption in 1998, and the state Senate passed the amendment as early as 2000, though the amendment was not passed by the entire Legislature until 2005.  See CFCU's Brief (Dkt. No. 4, Attach. 1) at 10.  Accordingly, CFCU cannot claim that governmental action related to the value of the exemption was unexpected when they entered into the loans with Debtors in 2004.  See Schedule D, Creditors Holding Secured Claims (Dkt. No. 2, Attach. 3). Therefore, CFCU has not suffered a substantial impairment, and, as a result, the retroactive application of the 2005 amendment in this case does not violate the Contract Clause.

## IV.    Conclusion

Accordingly, it is hereby

**ORDERED**, that the Order of the United States Bankruptcy Court for the Northern District of New York (Gerling, Chief B.J.) entered on August 21, 2006 is **AFFIRMED**; and it is

further

      **ORDERED**, that CFCU's appeal is **DISMISSED**; and it is further

      **ORDERED**, that the Clerk serve copies of this Order on the parties to this action.

      **IT IS SO ORDERED**.

DATED:     September 24, 2007
              Albany, New York

                                        Lawrence E. Kahn
                                        U.S. District Judge